UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAL C. WELCH, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-5130 c/w 06-8060 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion to quash jury demand and Rule 12(c) motion to dismiss filed by the defendant, State Farm Fire and Casualty Company ("State Farm") in its capacity as a Write-Your-Own Program carrier participating in the National Flood Insurance Program. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motions should be partially granted as follows.

The plaintiffs filed these consolidated cases seeking damages under their homeowners and flood insurance policies for Katrina-related losses. In both cases, the plaintiffs claim that the defendants breached a fiduciary duty when it failed to inform

1

them of the "availability and option" to purchase additional flood and personal property insurance, failed to advise them of "appropriate necessary coverages" and failed to advise of the "effect of not carrying maximum coverage allowed." (Complaint, ¶ VI; Petition, ¶ VII). They also allege that the defendant was at fault in failing to adequately train and supervise agents on the "availability and effect of flood and personal property insurance," failed to ensure that customers received adequate advice and failing to advise purchasers of the need for maximum flood and personal property insurance. (Complaint, ¶ IX; Petition, ¶ IX). They also allege that through its web sites, State Farm affirmatively stated its agents would conduct periodic checks to evaluate the adequacy of the insured's coverage. (Complaint, ¶Vil Petition, ¶VII). Finally, the plaintiffs allege that the defendant breached "non-delegable, express and implied duties" when it failed to pay for all of plaintiffs' losses, failed to conduct a prompt and thorough investigation of the plaintiffs' property, and failed to promptly pay covered claims. (Complaint, ¶ XI; Petition ¶ XI).

    In these motions, State Farm focuses on the flood claims, and seeks to quash the jury demand on those claims and the dismissal of all claims handling, breach of fiduciary duty and negligence claims based on the pleadings, leaving only the breach of contract claim. The plaintiffs argue in opposition that a jury trial is available on its state

law claims,[1] that state law claims arising out of flood claims handling are not precluded by federal law, and alternatively, that state claims arising out of flood procurement claims are viable.

Plaintiffs' argument regarding the viability of state law claims related to claims handling has been rejected repeatedly.  <u>Gallup v. Omaha Property & Casualty Insurance Co.</u>, 434 F.3d 341 (5th Cir. 2005); <u>Wright v. Allstate Insurance Co.</u>, 415 F.3d 384 (5th Cir. 2005).  The Court must abide by those binding decisions.

The plaintiffs' next argument focus on "underlying facts [that] are significantly different from 'typical' Katrina claims."  (Rec. Doc. 38, p. 3).  However, this argument is based on alleged facts of a "long standing relationship" with the defendant's agent that are not alleged in the pleadings, and which distinguishes this matter from cases upon which the plaintiffs rely, such as <u>Fidelity Homestead Assn.v . Hanover Insurance Co.</u>, 458 F.Supp.2d 276 (E.D.La. 2006) and <u>Durham v. McFarland, Gay and Clay, Inc.</u>, 527 So.2d 403 (La. App. 4th Cir. 1988).  (Rec. Doc. 38, p. 3).  The pleadings in these consolidated cases do not allege the existence of the sort of relationship that would support a fiduciary duty between the parties.

---

[1]   It is unclear if the opposition references state law claims on the flood or homeowners policy claims.  The Court construes the motions, however, as concerning only the flood issues in light of the capacity in which State Farm brings the motions.

With regard to the plaintiffs' flood procurement claims, the plaintiffs are not alleging that the defendant failed to procure the requested coverage, only that the defendant failed to properly advise the plaintiffs of the "appropriate necessary coverages" and to ensure that maximum coverage was purchased. The Court finds that these allegations fall into the distinction summarized by Judge Feldman in <u>Jones v. State Farm Fire & Casualty Insurance Co.</u>, 2007 WL 29068 (E.D.La.) at *2: "The plaintiffs .... did not allege that they requested a specific type or amount of coverage which the agent then failed to provide, but rather that the agent failed to assess independently and unilaterally the plaintiffs' insurance needs and recommend higher coverage." Assuming, therefore, that state law claims relating to procurement of flood insurance are viable, most of the allegations in this matter fail to survive based on the scope of the duty owed by an insurer or its agent under Louisiana law.[2]

However, in one respect the procurement claims survive. The plaintiffs allege that the defendant's "web sites and other advertizing regarding the need for adequate

---

[2] In the plaintiffs' opposition, it specifies that the defendant's agent failed to advise of the statutory maximums available under the NFIP. (Rec. Doc. 38, p. 8). The plaintiffs do not argue or allege that they affirmatively asked to procure the maximum available under the NFIP, and were insured for a lesser amount; in fact, the position taken by the plaintiffs thus far in this litigation would appear to foreclose such allegations.

and full flood insurance and representations that State Farm agents would conduct periodic check-ups whereby the adequacy of the insured's coverage would be evaluated, which constitutes an undertaking by State Farm of the fiduciary duty to advise the appropriate necessary coverages."  (Rec. Doc. 1, ¶VI 2.)

This matter is set for trial on November 5, 2007.  It is very likely that amendments to the pleadings would jeopardize that date.  If the plaintiffs seek to amend, they should do so promptly.  The plaintiffs' breach of contract claims under the NFIP remain for trial before the Court without a jury, as do jury claims under the homeowner's policy.[3]

Accordingly,  IT IS ORDERED that the  motion to quash jury demand filed by State Farm Fire and Casualty Company is GRANTED.  (Rec. Doc. 33).  The Rule 12(c) motion to dismiss filed by State Farm Fire and Casualty Company is PARTIALLY GRANTED.  (Rec. Doc. 35).

New Orleans, Louisiana, this 27th  day of September, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[3] Because the defendant brings these motions as the NFIP carrier, the Court does not construe the motions as addressing the viability of extra-contractual claims under the homeowner's policy.